PROVOSTY, J.
The plaintiff, Wolf, having sued out executory process on the mortgage notes of the defendant company, the defendant obtained an injunction on the ground that said notes and mortgage were null, because its officers had executed them in fraud for a debt it did not owe, and because the resolution in pursuance of which they purport to have been executed was never adopted at a meeting of defendant’s board of directors.
When defendant sought to prove these allegations, objection was made that the notes and mortgage were in due form, regular on their face, apparently issued regularly by the proper officers of the defendant company in pursuance of a resolution of the board of directors of the defendant company regularly adopted, and that the plaintiff, Wolf, had acquired them in good faith, for valuable consideration, before maturity, and therefore could not be affected by any fraud that might have existed between the original parties to the transaction, or by any falsity in the records of the defendant company as made up by its proper officers, and the objection was sustained and the evidence excluded. [1,2] The evidence was admissible, for the objection went simply to its effect; but the facts upon which the objection is based are not disputed, and, if everything which the excluded evidence was offered to prove were conceded, the defendant would be no better off.
[3] Equities cannot be set up as against the holder of negotiable paper who has acquired the paper under fthe circumstances detailed above. Article 4, p. 155, Act No. 64, of 1904 (Negotiable Instrument Act) §§ 51, 52, 55, 56, 57. And, as against such a holder in good faith, a corporation cannot repudiate the acts of its officers within the general scope of their powers and apparently in all respects regular. 10 Cyc. 1057.
Judgment affirmed.